**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Baltimore**

| | | |
|---|---|---|
| IN RE: | * | Case No.: 21-11670-NVA |
| ROB'S TOWER MOTORS SALES & SERVICE OF TANEYTOWN, LLC | * | Chapter 11 |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 329 AUTHORIZING THE EMPLOYMENT OF EDWARD M. MILLER AND MILLER & MILLER, LLP AS ATTORNEYS FOR THE DEBTOR**

Rob's Tower Motors Sales & Service of Taneytown, LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), hereby applies to this Court for an order pursuant to 11 U.S.C. §§ 327(a) and 329 authorizing the employment and retention of Edward M. Miller ("Miller") and Miller & Miller, LLP ("MMLLP"), as attorneys for the Debtor. In support of this Application, the Debtor respectfully represents as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Background**

2. On March 17, 2021, the Debtor filed with this Court a voluntary petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code (the "Bankruptcy Code").

3. The statutory vases for the relief sought herein are Sections 327 and 329 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

1

4. The Debtor has continued in possession of its assets and in control of its property pursuant to Sections 1107 and 1108 of the Code and will function as debtor-in-possession. Jolene Wee has been appointed as Subchapter V Trustee.

## Relief Requested

5. By this Application, the Debtor seeks to employ and retain Miller and MMLLP as its bankruptcy counsel with regard to the prosecution of its Chapter 11 case. Accordingly, the Debtor respectfully requests entry of an order pursuant to Sections 327(a) and 329 of the Bankruptcy Code authorizing the Debtor to employ and retain Miller and MMLLP as its attorneys, under a general retainer to perform the legal services that will be necessary during its Chapter 11 case, as more fully described hereinbelow. Miller and MMLLP seek authority to submit a "Statement" to the Debtor every thirty (30) days, with the first Statement retroactive to the filing of the case, and if there are no objections to the fees and expenses included therein from the Debtor, the United States Trustee, and certain creditors, Miller and MMLLP will receive payment of fees and reimbursable expenses included in the Statement. The fees and reimbursable expenses would first be deducted from the Retainer held by Miller and MMLLP. If and when the Retainer is exhausted, the fees and expenses would be paid by the Debtor. The procedures and the approval process are more fully described hereinbelow.

## Basis for Relief

6. The Debtor is a Maryland limited liability company organized March 15, 2013. The Debtor sells used motor vehicles and vehicle service contracts. Per the Debtor's federal tax return, it had annual gross revenue of $781,895.00 in calendar year 2019. The Debtor floor plans

its used vehicle inventory through third-party financing companies.

7.  Members of the Debtor are Robert J. Freels, Jr. and Catherine G. Freels, who are debtors in a Chapter 13 case (case no.: 21-11633-NVA).

8.  The Debtor operates from a facility at 529 East Baltimore Street, Taneytown, Maryland 21787, which is leased from Tevis Oil, an unrelated party.

9.  The Debtor wishes to engage Miller and MMLLP as its bankruptcy counsel in this case.  The Debtor believes that Miller and MMLLP are well qualified to represent it in this case and will provide the Debtor with effective representation.

10.  Representation of the Debtor by Miller and MMLLP is important to the success of the Debtor's reorganization because Miller and MMLP have become familiar with the Debtor's business including income, expenses, assets, liabilities, and other matters relevant to the Debtor's case.

11.  The Debtor desires to employ Miller and MMLLP under a general retainer because of the various legal services that will be required in connection with the Debtor's case.

### Services to be Rendered

12.  The services of Miller and MMLLP under a general retainer are necessary to enable the Debtor to execute faithfully its in Chapter 11.  Subject to further order of this Court, Miller and MMLLP will be required to render, among others, the following services to the Debtor:

 a) advise the Debtor with respect to its powers and duties as debtor (and debtor-in-possession) under Chapter 11, Subchapter V;

 b) prepare and file Motion for Debtor's Use of Cash Collateral and to Provide Adequate Protection to lien creditors immediately after the filing of the case as well as any other

necessary Motions;

    c) negotiate with representatives of creditors and other parties in interest and advise and consult on the conduct of the case, including all legal and administrative requirements of Chapter 11, Subchapter V;

    d) take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on its behalf, the defense of any actions commenced against the estate, negotiations concerning all litigation in which the Debtor may be involved, and objections to claims filed against the estate;

    e) prepare on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

    f) negotiate and prepare on the Debtor's behalf one or more plans of reorganization and all related agreements and/or documents and take any necessary action on behalf of the Debtor to obtain confirmation of such plans;

    g) advise the Debtor in connection with the sale or other disposition of assets;

    h) appear before this Court, any state court in any matters related to this case, any appellate courts, and the U.S. Trustee, and protect the interest of the Debtor's Estate before them and provide necessary legal advice to the Debtor in connection with its Chapter 11, Subchapter V case.

13.  It is necessary and essential that the Debtor employ attorneys under a general retainer to render the foregoing professional services.

14.  Miller and MMLLP have indicated a willingness to act on behalf of the Debtor.

## Disinterestedness of Professionals

15.  To the best of the Debtor's knowledge, information and belief, Miller and the partners of MMLLP do not have any connection with the Debtor (other than acting as counsel for Robert J. Freels, Jr. and Catherine G. Freels in their Chapter 13 Bankruptcy case), its creditors, or any other party in interest, or their respective attorneys and accountants, the United

States Trustee, or any person employed in the Office of the United States Trustee.  Miller and MMLLP do not hold or represent any interest adverse to the Debtor or the Bankruptcy Estate with respect to the matters on which they are being retained and employed.  Accordingly, Miller and MMLLP are each a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code and within the meaning of Section 327 of the Bankruptcy Code, and no person associated with Miller or MMLLP has served as an examiner in this Bankruptcy case.

16.  Miller and MMLLP have performed a conflicts check and are not aware of any conflicts of interest arising from the representation of the Debtor in this case.

## Professional Compensation

17.  Miller and MMLLP's initial retainer of $2,000.00 as well as the filing fee of $1,738.00 has been paid by the Debtor.  The initial retainer is intended to cover professional services to be rendered and expenses to be charged in connection with the services to be provided to the Debtor.  Miller and MMLP have rendered services in excess of the amount of $1,750.00 as of the date of this Application, which is to be paid from the Debtor's initial retainer. Services rendered to date have included meetings and phone conversations with the Debtor; reviewing Debtor's Articles of Organization and related company and loan documents; preparation of the Debtor's bare-bones Bankruptcy petition; drafting of Debtor's Motion for Use of Cash Collateral and to Provide Adequate Protection Therefor; and preliminary review of the Debtor's assets, income and expenses in anticipation of preparing and filing all other Motions, schedules, summaries and statements required in the case.

18. The maximum amount to be paid by Debtor is $10,000.00 plus counsel's out-of-pocket expenses. An hourly rate structure will apply to this case. The rate to be applied to this case will be $250.00 per hour and will remain fixed for the life of the case.

19. Consistent with MMLLP's policy with respect to its clients, Miller and MMLLP will charge the Debtor for all services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for long distance phone charges, photocopying, computerized research, messengers, couriers, postage, and other fees related to trials and hearings. Copying charges will be charged at 20 cents per page. Computerized research and long distance calls will be billed at provider cost.

20. Miller and MMLLP intend to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this Chapter 11, Subchapter V case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court. Miller and MMLP will seek compensation for services provided in this case at the aforesaid rate of $250.00 per hour.

21. Miller and MMLP have agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the necessity of such services to the administration of the Estate, the reasonableness of the time within which the services were performed, and the complexity, importance, and nature of the problems, issues or tasks addressed in this case, up to a maximum of $10,000.00.

22. Establishment of those administrative procedures as hereinafter proposed by the Debtor will permit this Court, the U.S. Trustee, the Subchapter V Trustee, and all other parties in interest to effectively monitor the fees and expenses incurred by Miller and MMLLP.

23. The requested procedure would require the presentation of a detailed Statement, summarizing services rendered and reimbursable expenses incurred by Miller and MMLLP, to the Debtor every thirty (30) days, retroactive to the date of filing of the case.

24. Miller and MMLLP's fees and reimbursements will be subject to the Court's subsequent approval of interim fee applications filed in compliance with relevant provisions of the Bankruptcy Code and Bankruptcy Rules to be submitted every thirty (30) days, as well as subject to this Court's approval of a final fee application to be filed at the conclusion of Miller and MMLLP's services herein.

25. The Debtor requests that the Court limit the notice of interim applications and the final application to: (i) the U.S. Trustee, (ii) the Subchapter V Trustee,  and (iii) all parties in interest entitled to receive a Notice of Electronic Filing from the Court.  Such a limitation of notice will ensure that the parties most active in this case receive adequate notice, and will save the Estate the expense of undue handling, duplication, and mailing.

26. The Debtor believes that the procedures set forth in this Application will enable all parties to monitor effectively the costs of administration of this case and enable to Estate to maintain a stable cash flow.

27. Other that as set forth above and in Miller's Verified Statement, no arrangement is proposed between the Debtor and Miller and MMLLP for compensation to be paid in this case.

28. Neither Miller nor any partner of MMLLP is related to any United States District Judge or United States Bankruptcy Judge for the District of Maryland.

29. No previous request for the relief sought in this Application has been made to this Court or any other Court.

WHEREFORE, for the reasons stated herein, the Debtor respectfully requests the entry of an Order granting the relief requested herein and for such other and further relief as the Court deems just and proper.

/s/ Edward M. Miller<br>
Edward M. Miller<br>
Federal Bar No.: 024281<br>
Miller & Miller, LLP<br>
39 N. Court St.<br>
Westminster, MD 21157<br>
410-751-5444<br>
E-mail: mmllplawyers @verizon.net<br>
Proposed Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of March, 2021, a copy of the foregoing Application, along with a copy of the Verified Statement of Edward M. Miller, was mailed by postage prepaid, first class, U.S. Mail, to each creditor on the attached mailing matrix; will be mailed electronically via the Court's CM/ECF system to:

Christopher S. Young, Esq., cyoung@btlg.us;
Jolene E. Wee, Subchapter V Trustee, jwee@jw-infinity.com;
Gerard R. Vetter, Office of U.S. trustee, gerard.r.vetter@usdoj.gov;
U.S. trustee-Baltimore, USTPRegion04.BA.ECF@USDOJ.GOV.

/s/ Edward M. Miller<br>
Edward M. Miller

8