IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| IN RE: | § |
| | § Case No. 21-11670-NVA |
| ROB'S TOWER MOTORS SALES & SERVICE OF TANEYTOWN, LLC, | § |
| | § |
| | § CHAPTER 11 |
| Debtor | § (Subchapter V) |
| | § |

## OBJECTION TO EMERGENCY MOTION FOR AUTHORITY TO USE OF CASH COLLATERAL

COMES NOW Auction Credit Enterprises, LLC ("ACE"), by and through its counsel, and objects to the Motion For Interim Use Of Cash Collateral And Providing For Adequate Protection Therefor (the "Motion") [Doc. # 7] filed by debtor Rob's Tower Motors Sales & Service of Taneytown, LLC (the "Debtor") pursuant to 11 U.S.C. § 363 on March 17, 2021.  The Court has set a hearing on the continued use of cash collateral for April 12, 2021 at 4:00 p.m. via video conference or teleconference. with its entry of the interim cash collateral order entered on March 29, 2021 [Doc. # 29].  In support of this objection, ACE states as follows:

### I.
### BACKGROUND FACTS

1. The Debtor is a Maryland limited liability company doing business in Maryland as an automobile dealer selling motor vehicles to its customers.

2. On or about August 31, 2020, ACE and Debtor entered into a Demand Promissory Note and Security Agreement (the "Note").  A true and correct copy of the Note, including any applicable amendments, is attached hereto and incorporated by reference for all purposes as Exhibit "A."

3. At the specific request of Debtor, ACE advanced funds under the Note with regard to each of the following four (4) vehicles (the "Vehicles"), among other units:

| Dealer # | VIN | Unit Year | Unit Make | Unit Model |
|---|---|---|---|---|
| 6800.13 | 1C4RJFBG8EC447201 | 2014 | Jeep | Grand Cherokee |
| 6800.11 | 1C4NJRFB3GD545077 | 2016 | Jeep | Patriot |
| 6800.12 | 1FMHK8F84BGA25577 | 2011 | Ford | Explorer |
| 6800.14 | 1C4PJMDB2EW190466 | 2014 | Jeep | Cherokee |

ACE paid the seller directly on Debtor's behalf, at Debtor's request, in order to finance Debtor's purchases of the Vehicles.  As of March 22, 2021, the unpaid balance of principal, interest and fees due and owing by Debtor under the Note was $52,039.00 after accounting for all payments, offsets, and credits.  A true and correct copy of ACE's Receivable Detail Report, current as of March 22, 2021, is attached hereto as Exhibit "B."  Also attached to ACE's Exhibit "B" Receivable Detail Report is an addendum that provides the full vehicle identification number for each of the Vehicles listed, along with the corresponding payoff for each of the four Vehicles.

       4. Pursuant to Section 3 of the Note, Debtor granted to ACE a purchase money security interest in the Vehicles along with a blanket security interest in all other inventory, equipment, accounts, chattel paper, and any products or proceeds thereof.  ACE perfected its security interest by filing the appropriate UCC-1 Financing Statements with the Maryland Department of Assessments and Taxation office on August 31, 2020, filing # 200831-1540002.  A true and correct copy of said UCC-1 Financing Statement perfecting ACE's blanket security interest in Debtor's assets, including but not limited to the Vehicles, motor vehicle inventory, proceeds thereto, and accounts receivable, is attached hereto and incorporated by reference for all purposes as Exhibit "C."

       5. In compliance with the Uniform Commercial Code requirements, ACE timely and properly served Debtor's secured creditors who previously filed UCC-1 financing statements with the appropriate written purchase-money security interest notices, which notified such secured parties that ACE was claiming a first priority purchase money security interest in any vehicles floored by Debtor through ACE under the Note, including but not limited to the Vehicles.  True

and correct copies of these "PMSI" notices sent to Vehicle Acceptance Corporation, Westlake Flooring Company, LLC, and the U.S. Small Business Administration are collectively attached hereto as Exhibit "D." Counsel for ACE has obtained the agreement from these secured creditors that ACE has a first priority security interest in the Vehicles, while ACE has likewise agreed that Vehicle Acceptance Corporation and Westlake Flooring Company, LLC, have a first priority security interest in any vehicles specifically floored by those floor plan lenders under their respective loan documents.

6. In addition, the flooring documents submitted by Debtor to ACE that correspond to Debtor's request for financing under the Note are collectively attached hereto as Exhibit "E" and consist of the Vehicles' certificates of title as well as the auction receipt reflecting Debtor's purchase of such Vehicles at auction. ACE relied upon these flooring documents when providing financing to Debtor under the Note.

7. The Vehicles, in addition to being subject to ACE's security interest and right to possession, are also particularly subject to waste, damage, and accelerated depreciation if not properly maintained and stored by Debtor. As set forth at the bottom of page two of Debtor's proposed interim budget filed on March 26, 2021 [Docket # 22] (the "Proposed Budget"), Debtor has sold the 2016 Jeep Patriot and 2011 Ford Explorer identified in the Exhibit "B" Receivable Detail Report but has not yet remitted full sales proceeds to ACE from the sale of the two Vehicles. Debtor's proposed budget indicates an approximate balance of $24,000.00 from the sales proceeds is owed to ACE, but admits that Debtor may need assistance from KandC Services, LLC, to pay off the full balances on each of the two sold Vehicles. Counsel for Debtor and ACE have had discussions on the timing of remitting sales proceeds of any sold Vehicles, but issues have arisen regarding the timing and repayment amount to ACE from the sales proceeds of the two sold Vehicles, as only a portion of the sales proceeds have been forwarded to ACE.

8. Meanwhile, Debtor seeks an order permitting Debtor to utilize cash collateral pursuant to the Proposed Budget, whose terms are objectionable as set forth below. Although ACE files this objection to Debtor's continued use of cash collateral, the parties continue to negotiate disputed issues regarding the liquidation of the Vehicles and payment of any sales proceeds to ACE. Should the parties reach an agreement prior to the upcoming hearing scheduled for April 12, 2021, the parties will notify the Court accordingly of any agreement prior to the hearing, if possible, or by making an announcement at the hearing on the record.

## II.
## OBJECTION TO DEBTOR'S CASH COLLATERAL MOTION

9. On March 17, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for small business bankruptcy case under Chapter 11 of the United States Bankruptcy Code. As a result of this filing, ACE is presently stayed from taking any action to obtain possession of its Vehicles or sales proceeds thereto pursuant to its blanket security interest or demand payment from the Debtor.

10. Pursuant to 11 U.S.C. §§ 1107 and 1108, the Debtor remains in control of the operation of its business as no trustee has been appointed in this case.

11. As set forth in its Motion, Debtor seeks to use Debtor's cash collateral for its operations in the ordinary course of business. However, section 363(c)(2) of the bankruptcy code (the "Code") provides that the debtor in possession may not use cash collateral unless the secured party consents or the court, after notice and hearing, authorizes such use. Additionally, section 363(e) further provides:

> Notwithstanding any other provision of this section, at any time, on the request of an entity that has an interest in the property used, sold, or leased, or proposed to be used, sold or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such

interest.[1]

The burden of proof on the issue of adequate protection falls upon the trustee.[2] **ACE does not consent to Debtor's use of cash collateral** on either an interim or final basis and objects to Debtor's Motion for the several reasons as stated below.

A. <u>ACE Objects To Debtor's Motion On The Basis That the Proposed Order is Inadequate and Vague with respect to the Vehicles Moving Forward</u>

12. Debtor's proposed order for the interim use of cash collateral pursuant to the Proposed Budget is deficient with respect to the treatment of the ACE's Vehicles and how Debtor intends to utilize, escrow, or remit to ACE the sales proceeds of ACE-financed motor vehicle inventory. In addition, the Proposed Order does not expressly account for how Debtor intends to utilize the Vehicles' sales proceeds, when and how such sales proceeds shall be delivered to ACE, or how the certificates of titles for the Vehicles should be stored, handled, or transferred pending the sale of a Vehicle.

13. ACE continues to monitor its motor vehicle inventory and intends on working with Debtor to ensure the Vehicles are sold pursuant to the terms of the Note. Since the filing of Debtor's bankruptcy, there is currently no contemplation in the proposed cash collateral order submitted by Debtor that would permit ACE personnel to conduct lot audits or require Debtor to submit reports to ACE concerning the status of Debtor's motor vehicle inventory. Counsel for ACE continues to work with counsel for Debtor to include such language that limits and governs Debtor's operations as necessary to adequately protect ACE's interests in its Vehicles as part of any approved cash collateral order. However, as currently drafted, the Debtor's proposed order submitted in conjunction with its Motion to use cash collateral presents inherent and significant

---

[1] 11 U.S.C. § 363(e).
[2] 11 U.S.C. § 363(p)(1).

risks to ACE including, but not limited to, possible sales of Vehicles out of trust, rapid depreciation of the Vehicles, and no firm accounting structure of how sales proceeds from the Vehicles or other motor vehicle inventory of Debtor are to be treated.

### B. ACE Objects To Debtor's Motion On The Basis That The Proposed Budget Is Inadequate

14. Debtor's bare-bones Proposed Budget was only proposed for the time period of March 30, 2021, through April 13, 2021.  Debtor has not submitted a revised proposed budget for the period subsequent to April 13, 2021.  Assuming Debtor intends to seek use of cash collateral consistent with the Proposed Budget for the interim period subsequent to April 13, 2021, Debtor fails to provide ACE or the Court with sufficient detail to explain why Debtor requires emergency use of the cash collateral funds.  Although Debtor is engaged in sales of motor vehicle inventory of various floor plan lenders, the proposed Budget fails to distinguish the costs, expenses, or revenue from the different floor plan lenders.

15. Further, the Proposed Budget does not have any projections for revenue or inventory purchases, and offers no explanation how motor vehicle inventory will be purchased moving forward.

16. The Proposed Budget contains a line item stating "Proceeds from used vehicle sales" of $4,250.00, but does not distinguish between what amount will be paid to each of Debtor's three floor plan lenders identified in Debtor's Motion.  It is presumed that all three floor plan lenders identified by Debtor will be paid out of this category, but it is unknown what amount, if any, ACE will receive. The Proposed Budget also does not include any provision to pay any principal of the Note nor adequate protection payments to ACE for its Vehicles.

17. For all of the foregoing reasons, Debtor simply does not provide sufficient detail to ACE or the Court to make adequate decisions concerning adequate protection and use of cash collateral for actual expenses necessary to maintain Debtor's business.

    C. <u>ACE Objects To Debtor's Motion On The Basis That Debtor Has Insufficient Or No Equity To Provide Replacement Liens In Favor Of ACE</u>

18. Prior to the Petition Date, Debtor's debt owed to ACE under the Note was $52,039.00. However, Debtor's Schedules A/B filed on April 7, 2021 [Docket # 48] reveal Debtor has only $24,031.90 in assets. Thus, ACE does not believe Debtor has sufficient equity in which to provide ACE with replacement liens as proposed in the Motion. Debtor has the burden to establish such equity in a § 363 proceeding but has neither pled there is sufficient equity nor has provided any evidence it has equity relative to the debt owed to ACE in its Motion to use cash collateral. If the Debtor in fact has no equity, then Debtor's proposal to provide replacement liens to ACE is insufficient to adequately protect ACE's security interest in its collateral.

### III.
### RELIEF REQUESTED

19. A portion of ACE's collateral may presently or in the very near future consist of cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents and the proceeds, products, offspring, rents or profits as contemplated by 11 U.S.C. § 363(a).

20. Pursuant to 11 U.S.C. § 363(c)(2), the Debtor may not use, sell, or lease cash collateral unless ACE consents or the Court, after notice and a hearing, authorizes such use, sale or lease.

21. For all of the foregoing reasons set forth in this objection, the Debtor's proposal to utilize cash collateral consisting of the anticipated income from its sell of motor vehicle inventory is wholly inadequate in light of ACE's first-priority, perfected security interest in the Vehicles, and cash collateral proceeds thereto.

22. For these reasons, ACE does not consent to the Debtor's use of ACE's cash collateral.

**WHEREFORE, ABOVE PREMISES CONSIDERED**, ACE respectfully requests that the Court:

    a.    Deny the relief requested in the Motion;

    b.    Order the Debtor immediately to provide a detailed accounting of all items of the Vehicles, including the status of each vehicle (in stock, sold, or rented); the sales terms, if any; and the sale date, if any;

    c.    Order the Debtor not to sell or otherwise dispose of any Vehicles that are not already the subject of a prepetition sale;

    d.    Order the Debtor immediately to allow ACE access to the Vehicles that are still in the Debtor's possession, including all of the Debtor's books and records relating to the Vehicles;

    e.    For such other and further relief to which ACE is entitled as this Court may deem just and proper.

          **Respectfully Submitted,**

          **PADFIELD & STOUT, LLP**
          420 Throckmorton Street, Suite 1210
          Fort Worth, Texas 76102
          Phone: 817-338-1616
          Fax: 817-338-1610


          /s/ Alan B. Padfield_____
          Alan B. Padfield
          State Bar I.D. #00784712
          abp@padfieldstout.com

          *Attorney for ACE*


## CERTIFICATE OF SERVICE

      I hereby certify that on April 9, 2021, a copy of the foregoing was sent via ECF and/or first class mail to counsel for the debtor, Edward M. Miller, the Chapter 11 Trustee, Jolene E. Wee, and all those receiving ECF notification in this case.


          /s/ Alan B. Padfield_____
          Alan B. Padfield