United States Bankruptcy Court
District of Maryland

In re:                                                                                         Case No. 21-11670-NVA

Rob's Tower Motors Sales & Service                                       Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0416-1                          User: akaniowsk                                  Page 1 of 2
Date Rcvd: Apr 26, 2021                   Form ID: pdfall                                    Total Noticed: 27

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4). |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 28, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Rob's Tower Motors Sales & Service of Taneytown, L, 529 E. Baltimore St., Taneytown, MD 21787-2423 |
| cr | + | Auction Credit Enterprises, LLC, 14951 Dallas Parkway, #200, Dallas, TX 75254-6883 |
| cr | + | Dallas Growth Capital and Funding, LLC d/b/a Sprou, Business and Technology Law Group, 6310 Hillside Court, Suite 160, Columbia, MD 21046 UNITED STATES 21046-1081 |
| | + | Gerard R. Vetter, Assistant U.S. Trustee, 101 W. Lombard St. #2625, Baltimore, MD 21201-2668 |
| cr | + | U.S. Small Business Administration, 100 S. Charles Street, Suite 1201, Baltimore, MD 21201-2714 |
| 31775223 | + | Auction Credit Enterpriises LLC, Bankruptcy Notification, 14951 Dallas Parkway #200, Dallas, TX 75254-6883 |
| 31775224 | + | Bizfund.com, Bankruptcy Notification, 2371 McDonald Ave., 2nd Fl., Brooklyn, NY 11223-4738 |
| 31775242 | + | Carroll County, County Attorney's Office, 225 N. Center Street, Westminster, MD 21157-5194 |
| 31775225 | + | Complete Business Solutions Group, Inc., d/b/a Par Funding, Bankruptcy Notification, 2000 PGA Blvd. #4440, North Palm Beach, FL 33408-2738 |
| 31775226 | + | Dallas Growth Capital and Funding LLC, dba Sprout Funding, Bankruptcy Notification, 4890 Alpha Rd. #200, Dallas, TX 75244-4639 |
| 31775227 | + | Dave Barnett, 289 Carnes Lane, Sykesville, MD 21784-7136 |
| 31775228 | + | David Stair, 1727 Hughes Shop Rd., Westminster, MD 21158-2917 |
| 31803158 | + | Fountainhead SBF LLC, Shutts & Bowen LLP c/o Harris J. Koroglu, 200 South Biscayne Blvd., Suite 4100, Miami, FL 33131-2362 |
| 31775231 | + | Lloyd Griffith, 821 Deer Ridge Dr., Westminster, MD 21158-2935 |
| 31775232 | + | LoanMe, Inc. Small Business Loan, Bankruptcy Notification, P.O. Box 5645, Orange, CA 92863-5645 |
| 31775239 | + | Secretary of the Treasury, 15 & Pennsylvania Avenue, Washington, DC 20220-0001 |
| 31775241 | + | U.S. Attorney-District of MD, 4th floor, 36 S. Charles St., Baltimore, MD 21201-3020 |
| 31795448 | + | U.S. Small Business Administration, 100 S. Charles St. #1210, Baltimore, MD 21201-2725 |
| 31775235 | | U.S. Small Business Administration, Bankruptcy Notification, 2 North St. #320, Birmingham, AL 35203 |
| 31775236 | + | Vehicle Acceptance Corporation, Bankruptcy Notification, 901 Main St. #3450, Dallas, TX 75202-3752 |
| 31775237 | + | Westlake Flooring Company, LLC, Bankruptcy Notification, 4751 Wilshire Blvd., Los Angeles, CA 90010-3827 |

TOTAL: 21

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 31775222 | + | Email/Text: HWIBankruptcy@hunterwarfield.com | Apr 26 2021 19:27:00 | Ascentium Capital,LLC, Bankruptcy Notification, c/o Hunter Warfield, Inc., 4620 Woodland Corporate Blvd., Tampa, FL 33614-2415 |
| 31775244 | | Email/Text: Bankruptcymail@marylandtaxes.gov | Apr 26 2021 19:25:00 | Comptroller of the Treasury, Compliance Division, Room 409, 301 W. Preston Street, Baltimore, MD 21201 |
| 31775229 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Apr 26 2021 19:26:00 | Internal Revenue Service, Centralized Insolvency Operation, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 31775233 | + | Email/Text: bankruptcy@ondeck.com | Apr 26 2021 19:27:00 | On Deck, Bankruptcy Notification, 901 N. Stuart St. #700, Arlington, VA 22203-4129 |
| 31775243 | + | Email/Text: UIBankruptcyNotices.DLLR@maryland.gov | Apr 26 2021 19:28:00 | State of Maryland DLLR, Division of Unemployment Insurance, 1100 N. Eutaw Street, Room 401, Baltimore, MD 21201-2225 |
| 31775238 | | Email/Text: atlreorg@sec.gov | Apr 26 2021 19:27:00 | Branch of Reorganization, Sec. & Exch. Commission, 3475 Lenox Road NE (Suite 1000), |

District/off: 0416-1      User: akaniowsk      Page 2 of 2

Date Rcvd: Apr 26, 2021      Form ID: pdfall      Total Noticed: 27

Atlanta, GA 30327-1232

TOTAL: 6

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|----------|---------------|------------------|
| 31775230 | | Itrivia Ventures LLC, Bankruptcy Notification |
| 31775234 | | Slate Advance LLC, INVALID ADDRESS PROVIDED |
| 31775240 | *P++ | INTERNAL REVENUE SERVICE, CENTRALIZED INSOLVENCY OPERATIONS, PO BOX 7346, PHILADELPHIA PA 19101-7346, address filed with court:, Internal Revenue Service, Centralized Insolvency Section, PO Box 21126 (DP-N-781), Philadelphia, PA 19114 |

TOTAL: 2 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 28, 2021      Signature:      /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 26, 2021 at the address(es) listed below:**

| Name | Email Address |
|------|---------------|
| Alan Bartlett Padfield | shopkins@padfieldstout.com |
| Ashley H. Hou | ashley.hou@sba.gov |
| Christopher S. Young | cyoung@btlg.us  sphillips@btlg.us,hconnolly@btlg.us,edonohue@btlg.us,hyeung@btlg.us,klohmeyer@btlg.us |
| Dennis J. Shaffer | dshaffer@wtplaw.com  kmccruden@wtplaw.com,pbowling@wtplaw.com |
| Edward M. Miller | mmllplawyers@verizon.net |
| Gerard R. Vetter | gerard.r.vetter@usdoj.gov |
| Jason Kutcher | jason.kutcher@troutman.com Sharron.fay@troutman.com,Natalya.diamond@troutman.com,FSLECFIntake@troutmansanders.com |
| Jolene E. Wee | jwee@jw-infinity.com  cjew11@trustesolutions.net |
| Pierce C Murphy | pmurphy@mdattorney.com  efiling@silvermanthompson.com,dcaimona@silvermanthompson.com |
| US Trustee - Baltimore | USTPRegion04.BA.ECF@USDOJ.GOV |

TOTAL: 10

Entered: April 26th, 2021
Signed: April 26th, 2021

**SO ORDERED**

MAY 19, 2021 AT 1:00 P.M. ANY OBJECTIONS TO USE OF
CASH COLLATERAL OR OTHER RESPONSES SHALL BE FILED
AND SERVED ON OR BEFORE FRIDAY MAY 14, 2021.



**NANCY V. ALQUIST**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| IN RE: | * | Case No.: 21-11670-NVA |
| | | |
| ROB'S TOWER MOTORS SALES & SERVICE | * | Chapter 11 |
| OF TANEYTOWN, LLC | | (Subchapter V) |
| Debtor | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### CONSENT ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL
### AND PROVIDING ADEQUATE PROTECTION THEREFOR

Upon the Motion for Interim Use of Cash Collateral (the "Motion") and the updated

interim budget brought by Rob's Tower Motors Sales & Service of Taneytown, LLC, the Debtor

herein (the "Debtor"), pursuant to Sections 361, 363, and 552 of the United States Bankruptcy

Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure, after review, and

consideration of any testimony presented at the evidentiary hearings held on April 12, 2021 and

April 19, 2021, and determining that a prohibition of the use of "Cash Collateral" (as defined in

the Motion) would cause immediate and irreparable harm to the Debtor and its business, and

1

with the Consent of the "Secured Creditors", as defined herein, the Court finds as follows:

A. The Debtor has requested that it be allowed to use claimed or potential cash collateral pursuant to Section 363(**c**) of the Bankruptcy Code of Vehicle Acceptance Corporation ("VAC"), Westlake Flooring Company, LLC ("Westlake"), U.S. Small Business Administration ("SBA"), and Auction Credit Enterprises, LLC ("ACE")(collectively, the "Secured Creditors") in order to provide funds to be used solely for such purposes set forth in the 90-Day Budget for the Period from April 14, 2021 to July 14, 2021 (the "Budget"), attached hereto as "Exhibit A", in order to avoid immediate and irreparable harm to the Debtor's estate which will occur if the Debtor's request is not approved.

B. An immediate and critical need exists for the Debtor to use the claimed cash collateral. Without the use of the claimed cash collateral, the Debtor will not have the funds to pay expenses necessary for the essential-day-to-day operation of the business and reorganization, and the Debtor will, as a result, suffer irreparable harm. The Debtor's reorganization efforts require the use of the purported cash collateral, the use of the purported cash collateral will benefit the Debtor and its estate, and the ability of the Debtor to maximize the value of its estate is dependent upon the Debtor's ability to use the claimed cash collateral.

C. Good, adequate, and sufficient cause has been shown to justify the granting of the relief provided for herein. The use of the claimed cash collateral by the Debtor is actual and necessary to preserve the Debtor's estate and will avoid immediate and irreparable harm to the Debtor, its estate, and its assets.

D. The Debtor's request was made pursuant to subsection (a), (b), or (**c**) of Rule 4001, Federal Rules of Bankruptcy Procedure, and that the Secured Creditors and

2

parties receiving electronic notification through the Court's CM/ECF system were afforded reasonable notice of an opportunity for a hearing on this Consent Order.

E. Secured Creditors claim or may claim a security interest in property of the Debtor consisting of, among other things, Debtor's accounts receivable and inventory, as well as proceeds thereof. ACE, Westlake, and VAC (collectively, the "Secured Vehicle Creditors") and the Debtor have agreed that: (i) ACE has a properly perfected first-priority security interest in the vehicles financed by ACE as identified by year, make, model, and vehicle identification number in the attached "Exhibit B" ("ACE Inventory"). (ii) Westlake has a perfected first-priority security interest in the vehicles financed by Westlake as identified by year, make, model, and vehicle identification number in the attached "Exhibit C" ("Westlake Inventory"), and (iii) VAC has a perfected first-priority security interest in the vehicles financed by VAC as identified by year, make, model, and vehicle identification number in the attached "Exhibit D" ("VAC Inventory).

Accordingly, it is therefore **ORDERED** that the Debtor is hereby authorized to use the Secured Creditors' claimed cash collateral to pay expenses listed in the Exhibit A Budget but only to the extent that an item becomes due prior to the final hearing on Use of Cash Collateral, and only in accordance with the terms and conditions contained in the Exhibit A Budget and contained in and provided for in this Order but only after payment of the Payoff Amount by Debtor to the respective Secured Vehicle Creditor of the amount due and owing for the vehicle sold by Debtor generating the Cash Collateral; it is further;

**ORDERED**, that any Secured Vehicle Creditor shall hold possession of all motor-vehicle certificates of title (the "Certificate of Title" or "Certificates of Title") for any and

3

all remaining motor-vehicle inventory financed by that Secured Vehicle Creditor located on Debtor's lot or in Debtor's possession, custody, control, or ownership as of the bankruptcy filing date of March 17, 2021 (the "Petition Date"), including any Debtor subsequently-acquired post-petition, if circumstances warrant, trade-in vehicles (ACE Inventory, VAC Inventory, or Westlake Inventory are sometimes respectively and collectively referred to as the "Secured Vehicle Creditor's Inventory"); it is further;

ORDERED, that upon the receipt and deposit of any sales proceeds related to the sale of the respective Secured Vehicle Creditor's Inventory, the Secured Vehicle Creditor shall release the title to such vehicle constituting part of the Secured Vehicle Creditor's Inventory (each, a "Secured Creditor's Vehicle") to Debtor; it is further;

ORDERED, that the Debtor is authorized to continue to sell the Secured Vehicle Creditor's Inventory and other motor-vehicles for cash sales only, subject to the terms of this Consent Order.

For any sale of the Secured Vehicle Creditor's Inventory as permitted and authorized herein, Debtor shall: (i) pay the amount required to payoff in full the Secured Creditor's Vehicle (the "Payoff Amount" or "Payoff Amounts")(*see*, Exhibit B for a list of the Payoff Amounts) of such sold ACE Inventory to ACE by wire transfer to ACE's counsel's IOLTA account, and (ii) pay the Payoff Amount (*see*, Exhibit C for a list of the Payoff Amounts) of such sold Westlake Inventory via wire transfer to Westlake at California Bank & Trust, 1900 Main St., Ste.100, Irvine, CA 92614, Acct. No. xxxxxx1063, Routing No. 121002042, Swift Code No. ZFNBUS55, together with the Certificates of Title (Original) for any trade-in vehicle acquired by Debtor as part of any post-petition sale of a

4

Secured Creditor's Vehicle, and (iii) pay the Payoff Amount (*see*, Exhibit D for a list of the Payoff Amounts) of such sold VAC Inventory to VAC at Whiteford, Taylor & Preston, LLP, made to the attention of Dennis J. Shaffer, Esq., with such payment to VAC by wire transfer to VAC's counsel's IOLTA account with the Certificate of Title (Original) for any trade-in vehicle acquired by Debtor as part of any post-petition sale of a Secured Creditor's Vehicle to be sent to VAC in care of its counsel.  Debtor has agreed that the Payoff Amounts as stated in Exhibits B, C, and D are only good through a date certain as specified in the Exhibits.  Debtor has agreed to contact the Secured Vehicle Creditor's respective counsel prior to making payment on any vehicle identified in Exhibits B, C, and D to confirm the Payoff Amount.  Secured Vehicle Creditor Payoff Amount from sales proceeds shall be delivered by Debtor to the Secured Vehicle Creditor within forty-eight (48) hours of receipt.  Debtor is allowed to use any excess sales proceeds (excluding fees for tax, title, and registration), over and above the Secured Vehicle Creditor Payoff Amount in accordance with this Order and the Exhibit A Budget; it is further;

**ORDERED**, that on or before April 30, 2021, Debtor shall tender by wire transfer to ACE's counsel payment in the remaining amount of $5,501.00 pursuant to Debtor's sale of the 2011 Ford Explorer, VIN # 1FMHK8P84BGA2557, after application of a partial payment of $7,000.00 by Debtor, and Debtor shall tender by wire transfer to ACE's counsel payment in the amount of $13,626.00 pursuant to Debtor's sale of the 2016 Jeep Patriot, VIN # 1C4NJRFB3GD545077; it is further;

**ORDERED**, that on or before May 10, 2021, Debtor shall tender by wire transfer to VAC's counsel payment in the amount of $4,763.63 pursuant to Debtor's sale of the 2008

5

Chevrolet Suburban, VIN # 1GNFK16348J214, into VAC's counsel's IOLTA account, and payment on or before May 24, 2021 in the amount of $12,185.13 pursuant to Debtor's sale of the 2017 KIA Sportage, VIN # KNDPMCAC7H71 into VAC's counsel's IOLTA account; it is further;

**ORDERED**, that, notwithstanding anything else to the contrary in this Consent Order, Debtor shall not sell any Secured Creditor's Vehicle for less than the Payoff Amount for any given Secured Creditor's Vehicle as identified on Exhibits B, C, or D without prior written consent by that Secured Vehicle Creditor which will not be unreasonably withheld by the Secured Vehicle Creditor; it is further;

**ORDERED**, that Debtor shall not use any Cash Collateral from any loan made through the SBA's PPP loan program for the payment of any amount owed or to be owed to any Secured Vehicle Creditor; it is further;

**ORDERED**, that Debtor and Debtor's customers may solely drive any Secured Creditor's Vehicle for purposes of test driving such Secured Creditor's Vehicle, and the test drive period shall not exceed two (2) hours and the Secured Creditor's Vehicle shall be returned to 529 E. Baltimore Street, Taneytown, Maryland 21787 ("Debtor's Lot") after such two-hour period has expired.  Each unsold Secured Creditor's Vehicle shall be returned to Debtor's Lot before the close of business and remain on the Debtor's Lot overnight under all circumstances.  Neither Debtor nor Debtor's customers may use or drive any Secured Creditor's Vehicle as an overnight loaner vehicle.  If Debtor desires to run a certain Secured Creditor's Vehicle to auction for sale, Debtor must request the consent of the Secured Vehicle Creditor at least three (3) days prior to the auction sale date, together with the reserve amount

6

and minimum sales price the Debtor desires the Secured Creditor's Vehicle to be sold for. The Secured Vehicle Creditor shall have until noon the following day to advise the Debtor in writing whether the Secured Vehicle Creditor objects to Debtor running the Secured Creditor's Vehicle through auction. However, under no circumstances is Debtor permitted to sell a Secured Creditor's Vehicle at auction for less than the Payoff Amount of such Secured Creditor's Vehicle. Debtor shall not deliver any sold vehicle with buyer temporary tags until Debtor has received payment in full for each sold vehicle; it is further;

**ORDERED**, that contemporaneous with the entry of this Consent Order, the Secured Vehicle Creditors will mail, via postage, pre-paid, U.S. Mail, to each creditor and party-in-interest a "Notice of the Secured Creditors' Intent to Obtain Relief from the Automatic Stay of Section 362(a)" (the "Intent Notice"; *see*, "Exhibit E") as to the vehicle-collateral securing Debtor's indebtedness to each Secured Vehicle Creditor.

Any creditor or party-in-interest who objects to Secured Vehicle Creditors' Intent Notice must file with the Clerk of the Court, at 101 W. Lombard St., 8th Floor, Baltimore, MD 21201, a written objection stating the reason for the objection within fourteen (14) days of receipt of the Intent Notice. Following receipt of any such objection, the Court shall hold an expedited hearing on the objection.

If no objection to the Intent Notice is filed, or is sustained after a hearing by the Court, <u>and</u> after a default by the Debtor of any the terms or provisions of this Consent Order, then a Secured Vehicle Creditor shall file with the Court a written "Notice of Default" stating the specific violation by the Debtor of this Consent Order, and provided that the Debtor has not cured the default within three (3) business days following receipt by

7

its counsel through CM/ECF of the Notice of Default (such notice to counsel serving as notice to the Debtor), and the Debtor has notified the Court in writing of its cure, or, if Debtor files a written objection to the Notice of Default, after which the Court shall hold an expedited hearing on Debtor's objection, and Debtor's objection is not sustained; then it is further **ORDERED** that relief from the automatic stay is granted to the Secured Vehicle Creditor which filed the Notice of Default, and that the automatic stay imposed by Section 362(a) of the Bankruptcy Code shall be lifted as to said Secured Vehicle Creditor, to permit enforcement of the provisions of its pre-petition lending agreement with respect to such Secured Vehicle Creditor's Inventory, including, but not limited to, foreclosing on such Secured Vehicle Creditor's Inventory for that particular Secured Vehicle Creditor in accordance with applicable State law, including sequestration and replevin relief, and all State-court powers to effectuate the enforcement of these remedies.

So long as Debtor complies with the terms of this Consent Order, Secured Vehicle Creditors agree to forbear from taking any actions which would initiate the implementation of the Order for relief from automatic stay granted hereinabove; it is further;

**ORDERED**, that within 48 hours of Debtor's receipt of notice or knowledge, Debtor shall notify any Secured Vehicle Creditor via e-mail for ACE to abp@padfieldstout.com, and by e-mail to VAC at dshaffer@wtplaw.com, and by e-mail to Westlake at jason.kutcher@troutman.com, if a bonded-title claim is asserted as to any Certificate of Title for Secured Vehicle Creditor's Inventory and/or if a workers/mechanics lien is asserted or if a storage/towing lien is asserted on any of the Secured Vehicle Creditor's Inventory; it is

further;

**ORDERED**, that Debtor shall notify respective counsel of each Secured Vehicle Creditor and SBA via e-mail if Debtor closes its place of business for more than five (5) consecutive business days; it is further;

**ORDERED**, that Secured Vehicle Creditors shall be entitled to conduct lot audits of Debtor's premises with reasonable notice to Debtor.  During such lot audits, Debtor shall make all documents and records available to the Secured Vehicle Creditors' personnel and also provide the location of each Secured Vehicle Creditor's Inventory subject to the audit; it is further;

**ORDERED**, that as adequate protection to the Secured Creditors for the continued use of their claimed cash collateral:

1) Secured Creditors shall receive replacement liens on post-petition accounts receivable and cash as adequate protection, which replacement liens shall be held by the Secured Creditors in the same extent, validity, priority, and value as they existed prior to the Petition Date;

2) Such replacement liens shall secure an amount equal to the sum of the aggregate diminution, if any, subsequent to the Petition Date, in the value of the claimed cash collateral of the respective Secured Creditors, provided this grant: (i) shall be subject to any prior perfected liens, and (ii) the exercise and enforcement of this lien remains subject to the Court's determination that a diminution has occurred;

3) Debtor will maintain insurance coverage on all inventory and other property constituting the Secured Creditors' collateral;

4) Debtor will provide Secured Creditors, United States Trustee's Office, and Subchapter

9

V Trustee with copies of its Monthly Operating Reports at the same time the Reports are filed with the Court;

    5) Debtor shall continue to file any other reports required by applicable State law;

    6) Debtor will provide to Secured Creditors on a weekly basis by email for ACE at abp@padfieldstout.com and carisco@padfieldstout.com, and to VAC at dshaffer@wtplaw.com, and to Westlake at jason.kutcher@troutman.com and to United States Trustee's Office at gerard.r.vetter@usdoj.gov, and to Subchapter V Trustee at jwee@jw-infinity.com, and to SBA at ashley.hou@sba.gov, by Noon on Monday of each week, the status of Secured Vehicle Creditor's Inventory, with such reports to include copies of retail installment contract, buyer's orders, odometer disclosure statements, copies of third party lender funding approval for purchaser, signed applications for Certificates of Title, and any other sales documents associated with any Secured Creditor's Vehicle sold on the previous day.  The sale price of a Secured Creditor's Vehicle may include the value associated with a trade-in; however, for any proposed sale of any Secured Creditor's Vehicle involving a customer trade-in vehicle, the Secured Vehicle Creditor must consent to the trade-in value assigned by Debtor for any such proposed transaction, with such consent to not be unreasonably withheld by the Secured Vehicle Creditor; it is further;

    **ORDERED**, that this Order is without prejudice to the rights of the Secured Creditors and the Debtor with respect to the use of claimed cash collateral as the final hearing on cash collateral; and it is further;

    **ORDERED**, that the Debtor's authorization to use Cash Collateral shall continue for thirty (30) days from the entry of this Consent Order, pending the conclusion of a final hearing

on Cash Collateral, scheduled for the date and time in May, 2021 noted above the case-caption of this Consent Order, excepting that nothing in this Consent Order shall be construed so as to prevent a party-in-interest from requesting an expedited hearing should such become necessary or appropriate.

**CONSENTED AND AGREED**:

/s/ Edward M. Miller
Edward M. Miller
Fed. Bar No. 024281
Miller & Miller, LLP
39 N. Court St.
Westminster, MD 21157
410-751-5444
E-mail: mmllplawyers@verizon.net
Attorney for Debtor

/s/ Alan B. Padfield
Alan B. Padfield, Esq.
Padfield & Stout LLP
420 Throckmorton St., Ste. 1260
Fort Worth, TX 76102
E-mail: abp@padfieldstout.com
Attorney for Auction Credit Enterprises, LLC

/s/ Jason T. Kutcher
Jason T. Kutcher, Esq.
Troutman Pepper Hamilton Sanders LLP
401 9th St. N.W. #1000
Washington, DC 20004
E-mail: jason.kutcher@troutman.com
Attorney for Westlake Flooring Company, LLC

/s/ Dennis J. Shaffer
Dennis J. Shaffer, Esq.
Whiteford, Taylor & Preston LLP
7 St. Paul St., Ste. 15
Baltimore, MD 21202
E-mail: dshaffer@wtplaw.com
Attorney for Vehicle Acceptance Corporation

11

/s/ Ashley H. Hou
Ashley H. Hou
Special Assistant U.S. Attorney
100 S. Charles St. #1201
Baltimore, MD 21201
E-mail: ashley.hou@sba.gov
Attorney for U.S. Small Business Administration


**SEEN AND REVIEWED**:

/s/ Gerard R. Vetter
Gerard R. Vetter
Assistant United States Trustee
100 W. Lombard St. #2625
Baltimore, MD 21201
E-mail: gerard.r.vetter@usdoj.gov

/s/ Jolene E. Wee
Jolene E. Wee
Subchapter V Trustee
447 Broadway
2nd Fl. #502
New York, NY 10013
E-mail: jwee@jw-infinity.com

## CERTIFICATION OF CONSENT

I HEREBY CERTIFY that the terms of the copy of the Consent Order submitted to the Court are identical to those set forth in the original signed order; and the signatures represented by the  /s /  on this copy reference the signatures of the consenting parties on the original Consent Order.

/s/ Edward M. Miller
Edward M. Miller


cc:

Rob's Tower Motors Sales & Service
of Taneytown, LLC
529 E. Baltimore St.
Taneytown, MD 21787
Debtor

Edward M. Miller
Miller & Miller, LLP
39 N. Court St.
Westminster, MD 21157
Attorney for Debtor

Alan B. Padfield, Esq.
Padfield & Stout LLP
420 Throckmorton St., Ste. 1260
Fort Worth, TX 76102
Attorney for Auction Credit Enterprises LLC

Dennis J. Shaffer, Esq.
Whiteford, Taylor & Preston LLP
7 St. Paul St., Ste.15
Baltimore, MD 21202
Attorney for Vehicle Acceptance Corporation

Jason T. Kutcher, Esq.
Troutman Pepper Hamilton Sanders LLP
401 9th St. N.W. #1000
Washington, DC, 20004
Attorney for Westlake Flooring Company, LLC

Ashley H. Hou
Special Assistant U.S. Attorney
U.S. Small Business Administration
100 S. Charles St. #1201
Baltimore, MD 21201

Gerard R. Vetter
Assistant U.S. Trustee
101 W. Lombard St. #2625
Baltimore, MD 21021

Jolene E. Wee
Subchapter V Trustee
447 Broadway
2nd Fl. #502
New York, NY 10013

Creditors
Parties-in-Interest

**END OF ORDER**

13

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore**

IN RE:                                          *       Case No.: 21-11670-NVA

ROB'S TOWER MOTORS SALES & SERVICE             *       Chapter 11
OF TANEYTOWN, LLC
      Debtor                                   *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

### BUDGET FOR 90-DAY PERIOD FROM 4/14/2021 TO 7/14/2021 (CASH BASIS)

INCOME:

| | |
|---|---|
| Proceeds from used vehicle sales | $33,150.00 |
| Service contracts | 14,040.00 |
| Auto auction sales | 22,500.00 |
| TOTAL | $69,690.00 |

EXPENSES:

| | |
|---|---|
| Rent - building | $ 5,988.00 |
| Wages | 7,200.00 |
| Supplies | 205.00 |
| Utilities | 3,340.00 |
| Advertising | 8,242.00 |
| Bookkeeper | 460.35 |
| Property Insurance | 1,093.00 |
| Worker's Comp. | 411.43 |
| Gas | 175.00 |
| SDAT Filing Fee | 300.00 |
| TOTAL | $27,414.78 |

| | |
|---|---|
| Payments to Auction Credit | $19,127.00 |
| Payments to Vehicle Acceptance | 20,632.80 |
| | $39,759.98 |

| | |
|---|---|
| PROFIT | $ 2,515.24 |

1

<u>Explanatory Notes</u>:

    1.  Proceeds from used vehicle sales are net amount to Debtor after deduction of floor plan payment on sold vehicle or split with consigner; average for projection $850.00 per vehicle.  Sales projection are for 39 vehicle sales for  90 day period (3.25 per week).  Projections are based on 2020 sales: April, Debtor sold 13 vehicles, May, 9 vehicles, June, 19 vehicles, and July, 6 vehicles.

    2.  Service contracts are sold by Debtor to vehicle buyers.  Debtor historically sells warranties to 90% of vehicle buyers.  Average $400.00 profit per contract.  Calculation is 39 vehicles x 90% x 400 = $14,040.00

    3.  Auto auction sales are net amount to Debtor from sale of trade-in vehicles at auto auctions at average $1,500.00 profit.  For the 90-day period, Debtor expects to sell 15 vehicles.

    4.  Debtor leases premises from Tevis Oil (unrelated) and pays its share of monthly rent of $3,990.00.  Balance of rent paid by KandC Services.

    5.  Debtor presently employs 0 but anticipates hiring salesperson/manager in final 60-days of budget period.  Members do not presently draw a salary from Debtor.

    6.  Debtor uses bookkeeping service (Otterdale) and pays 1/3 of monthly expense.  Bookkeeping contract is between Otterdale and KandC Services.

    7.  Advertising includes Carfax, Cargurus, CarsforSale.

    Debtor does not provide MD State Inspection or repairs for vehicles it sells. KandC Service, LLC, a Maryland limited liability company owned by Catherine Freels, a member of Debtor, provides these services and pays its own rent, wages and operating expenses.

    Payments to Auction Credit and Vehicle Acceptance are balance owed on pre-petition "out of trust" floor plan sales.

/s/ Robert J. Freels, Jr.

Robert J. Freels, Jr., Member

2

**EXHIBIT B**

EXHIBIT B

| Make/Model | Year | VIN | Payoff Amount |
|---|---|---|---|
| Jeep Patriot | 2016 | 1C4NJRFB3GD545077 | $13,626.00 |
| Ford Explorer | 2011 | 1FMHK8F84BGA25577 | $ 5,501.00 |
| Jeep Grand Cherokee | 2014 | 1C4RJFBG8EC447201 | $14,248.00 |
| Jeep Cherokee | 2014 | 1C4PJMDB2EW190466 | $11,474.00 |
| | | TOTAL DUE | $52,039.00 |

# EXHIBIT C

# EXHIBIT C

Payoff Figures Good Through April 15, 2021.

| VIN | YEAR | MAKE/MODEL | PAYOFF AMOUNT AS OF APRIL 15, 2021 | PER DIEM INTEREST |
|---|---|---|---|---|
| 2GNFLNE5XC6196289 | 2012 | Chevrolet, Equinox, AWD V6 FFV | $7,498.60 | $1.90 |
| 1FTEW1EG6KFA98113 | 2019 | Ford, F-150 | $36,083.20 | $9.24 |
| 1FTSW21R88ED61331 | 2008 | Ford, F250, 4WD V8, TDSL | $17,387.98 | $4.52 |
| 1GKFK13027J288621 | 2007 | GMC, Yukon, 4WD, FFV | $11,797.23 | $3.03 |

# EXHIBIT D

Vehicle Acceptance Corporation
VA01 Flooring Report
For Contact 1593957; Loan Group B-VA01-1N-000000001; Balances To Use Current Balances; Date To Use Curr Date
Sorted by Maturity Date

# Flooring Report

Page 1

| Acct | Loan | | Maturity | Current |
|---|---|---|---|---|
| Name | Number | VIN | Date | Payoff |
| Robs Tower Motor | 562434 Dealer bill | | 01/08/2020 | 0.00 |
| Robs Tower Motor | 2018/Ford/F150/Bl | 1FTFW1ET8DFB5 | 03/31/2021 | 18,655.73 |
| Robs Tower Motor | 2008/Chev/Sub/Blk | 1GNFK16348J214 | 04/15/2021 | 4,442.58 |
| Robs Tower Motor | 2017/Kia/Sport/Blk9 | KNDPMCAC7H71 | 04/29/2021 | 11,950.64 |
| Robs Tower Motor | 2010/Dod/Ram/Blu | 1D7RV1GT8AS10 | 05/20/2021 | 13,051.83 |
| Grand Totals --- | | | | 48,100.78 |
| Grand Count --- | | | | 5 |

Printed 03/29/2021 at 09:32 AM

MSSQL_vaedls

NortridgeReportBuilder.dll

Revised: 06/05/2020

# EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| IN RE: | * | Case No.: 21-11670-NVA |
| | | |
| ROB'S TOWER MOTORS SALES & SERVICE | * | Chapter 11 |
| OF TANEYTOWN, LLC | | (Subchapter V) |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| AUCTION CREDIT ENTERPRISES, LLC | * |
| | |
| WESTLAKE FLOORING COMPANY LLC | * |
| | |
| VEHICLE ACCEPTANCE CORPORATION | * |
| Movants | |
| | * |
| v. | |
| | * |
| ROB'S TOWER MOTOR SALES & SERVICE | |
| OF TANEYTOWN, LLC | * |
| Respondent | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF SECURED CREDITORS' INTENT TO OBTAIN RELIEF FROM
AUTOMATIC STAY AND TO RECLAIM SECURED PROPERTY**

Pursuant to the Consent Order granting Rob's Tower Motors Sales & Service of

Taneytown, LLC (the "Debtor") interim authority to use cash collateral, the Movants hereby

given Notice that upon an Event of Default and three (3) days after service of Notice of Default

upon the Debtor (or after an expedited hearing if Debtor objects to said Notice), any or all of

Movants intend to enforce the provisions of their pre-petition lending agreements with the

1

Debtor and reclaim the vehicle-collateral securing their individual agreements.

You should read this Notice and the Consent Order carefully and discuss them with your lawyer.  (If you do not have a lawyer, you may wish to consult one).  A copy of the Consent Order is attached.

If you do not want the Court to grant relief pursuant to the terms and conditions of the Consent Order, or if you want the Court to consider your views on the matter, then no later than fourteen (14) days after the referenced documents were served upon you either via the Court's CM/ECF system or by first class, postage prepaid, U.S. Mail, you or your lawyer must file with the Clerk of the Bankruptcy Court, 101 W. Lombard St., 8th Floor, Baltimore, Maryland 21201, a response to the motion explaining your position and electronically mail a copy of the response to:

Alan B. Padfield, Attorney for Auction Credit Enterprises, LL, abp@padfieldstout.com;
Dennis J. Shaffer, Attorney for Vehicle acceptance Corporation, dshaffer@wtplaw.com;
Jason T. Kutcher, Attorney for Westlake Flooring Company, LLC, jason.kutcher@troutman.com;
Edward M. Miller, Attorney for Debtor, mmllplawyers@verizon.net.

If you mail rather than deliver your response to the Clerk of the Bankruptcy Court for filing, you must mail it early enough so that the Court will receive it within the aforesaid fourteen (14) days of service to you.

If you file a timely response to this Notice, a hearing on your response will take place either by videoconference at zoomgov or in Courtroom 2A, United States Bankruptcy Court, 101 W. Lombard St., Baltimore, Maryland 21201, at a date and time to be set by the Court.

IF YOU OR YOUR LAWYER DO NOT FILE AND SERVE A TIMELY RESPONSE TO THIS NOTICE, THE COURT MAY FIND THAT YOU DO NOT OPPOSE THE RELIEF

GRANTED IN THE CONSENT ORDER.


/s/ Alan B. Padfield, Esq.
Alan B. Padfield, Esq.
Padfield & Stout LLP
420 Throckmorton St., Ste. 1260
Fort Worth, TX 76102
Attorney for Auction Credit Enterprises, LLC


/s/ Jason T. Kutcher, Esq.
Jason T. Kutcher, Esq.
Troutman Pepper Hamilton Sanders LLP
401 9th St. N.W. #1000
Washington, DC 20004
Attorney for Westlake Flooring Company, LLC


/s/ Dennis J. Shaffer, Esq.
Dennis J. Shaffer, Esq.
Whiteford, Taylor & Preston LLP
7 St. Paul St., Ste. 15
Baltimore, MD 21202
Attorney for Vehicle Acceptance Corporation

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the ___ day of April, 2021, a copy of the foregoing Notice (with accompanying Consent Order) was mailed by postage prepaid, first class U.S. Mail, to each creditor or party-in-interest listed on the attached mailing matrix.

_____

3