**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore**

| | | |
|---|---|---|
| IN RE: | * | Case No.: 21-11670-NVA |
| ROB'S TOWER MOTORS SALES & SERVICE OF TANEYTOWN, LLC | * | Chapter 11 (Subchapter V) |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO CONVERT CASE TO CHAPTER 7

Rob's Tower Motors Sales & Service of Taneytown, LLC, debtor and debtor-in-possession in the above-captioned (the "Debtor"), through its attorneys, Edward M. Miller, and Miller & Miller, LLP, respectfully moves this Court to enter an order pursuant to 11 U.S.C. § 1112(a) and FED. R. BANKR. P. 1017(f)(2) converting the case to Chapter 7 of the Bankruptcy Code on the following grounds:

### Jurisdiction and Venue

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. As described more fully below, cause exists pursuant to Section 1112(b) of Title 11 of the United States Code (the "Bankruptcy Code") for conversion of this case.

### Background

3. On March 17, 2021 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to manage its

property and affairs as a debtor and debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. The Debtor initiated this Chapter 11 case with the objective of maximizing value for its creditors by continuing to sell used motor vehicles and proposing a feasible plan of reorganization.

5. The Court has issued an Interim Cash Collateral Order and a Consent Cash Collateral Order, both supported by projected budgets for the periods covered under said orders, authorizing the Debtor to use cash collateral for its operations and to make certain agreed upon payments to its secured vehicle creditors.

6. Unfortunately, the projected sales figures have not been reached. Additionally, the Debtor had reason to believe that the brother of one of its members would make a significant cash contribution. The cash contribution has not been received and the Debtor has reason to believe that no such contribution will be forthcoming. The Debtor subsequently had reason to believe that a cash contribution would be made by its vehicle consignor - that contribution also did not occur.

7. The Debtor has, among other financial problems, been faced with failure to pay for vehicles covered under floor plan financing agreements with its various secured vehicle creditors. As noted above, the most recent Cash Collateral Order was a consent order negotiated with the secured vehicle creditors requiring the Debtor to make wire transfer payments by certain dates to the secured vehicle creditors. While the Debtor was able to make partial payments, it is unable to meet the payment schedule set forth in the order.

8. The Consent Cash Collateral Order provided a mechanism whereby a secured vehicle creditor could declare a default and obtain relief from the automatic stay of Section 362 of the Bankruptcy Code.  Failure to make the required payments to the secured vehicle creditors constitutes an event of default.

9. As a result of the failure to meet its sale projections and/or to obtain a cash infusion, the Debtor is unable to function as a viable business and meet its obligations under the Consent Cash Collateral Order.

10. The limited assets of the Debtor are encumbered by its creditors.

## **Argument**

11. The Debtor believes that conversion of this case to one under Chapter 7 is in the best interests of the creditors and the estate.

12. The Debtor is eligible to be a debtor under Chapter 7.

13. Section 1112(b) of the Bankruptcy Code generally requires that once "cause" is established the Court must take one of three actions: (1) dismiss a Chapter 11 case, (2) convert it to Chapter 7, or (3) appoint a Chapter 11 Trustee.  *In re Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 712 (Bankr. D.Md. 2011).  The best interests of the creditors and the estate determine which of the three actions should be taken.  *Id.*,

14.  If the moving party establishes cause, a party opposing the motion has only limited reasons under Section 1112(b)(2).  However, where the "cause" shown is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation", conversion, dismissal or appointment of a trustee is required and the exceptions

set forth in Section 1112(b)(2) do not apply.

15. Section 1112(b)(4)(A)(-P) provides a non-exhaustive list of sixteen grounds for conversion or dismissal. "Generally, such lists are viewed as illustrative rather than exhaustive, and the Court should 'consider other factors as they arise'" (quoting *In re Brown*, 951 F.2d 564, 572 (3d Circ. 1991).

16. The Debtor has been able to operate its business only at a minimal level since the Petition Date. The Debtor intended to file a Subchapter V plan of reorganization in this case. The dearth of automobile sales and failure to obtain a cash infusion has eliminated the Debtor's ability to maximize its earnings and make payments for the benefit of creditors. Additionally, the value of the estate continues to diminish and administrative claims, such as Subchapter V Trustee fees, will continue to accrue if the Chapter 11 case remains open.

17. The Debtor has met its burden that "cause" exists and the Chapter 11 case should be converted to Chapter 7 due to the continuing diminution of the Debtor's estate and the absence of a reasonable likelihood of rehabilitation as evidenced by the fact that a feasible plan of reorganization is not likely.

18. Conversion to a Chapter 7 liquidation and appointment of a Chapter 7 Trustee will provide the most benefit to creditors. A Chapter 7 Trustee can potentially negotiate with secured creditors and carve out some funds for unsecured creditors as well as liquidate whatever assets he or she can for the benefit of those same creditors.

19. Per an e-mail to Debtor's counsel from Gerard R. Vetter, Assistant United States Trustee, the United States Trustee does not object to the relief requested in this Motion.

20. Per an e-mail to Debtor's counsel from Jolene Wee, Subchapter V Trustee, the Subchapter V Trustee does not object to the relief request in this Motion.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter an Order granting the relief requested herein and for such other and further relief as the Court deems just and proper.

May 18, 2021

/s/ Edward M. Miller
Edward M. Miller
Federal Bar No.: 024281
Miller & Miller, LLP
39 N. Court St.
Westminster, MD 21157
410-751-5444
E-mail: mmllplawyers @verizon.net
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 18th day of May, 2021, a copy of the foregoing Motion was mailed by postage prepaid, first class, U.S. Mail, to each creditor on the attached mailing matrix; and electronically to:

> Alan B. Padfield, Esq., abp@padfieldstout.com;
> Dennis J. Shaffer, Esq., dshaffer@wtplaw.com;
> Jason T. Kutcher, Esq., jason.kutcher@troutman.com;
> Gerard R. Vetter, Office of U.S. Trustee, gerard.r.vetter@usdoj.gov;
> Jolene E. Wee, Subchapter V Trustee, jwee@jw-infinity.com;
> Ashley H. Hou, Esq., ashley.hou@sba.gov;
> U.S. Trustee - Baltimore, USTPRegion04.BA.ECF@USDOJ.GOV.

/s/ Edward M. Miller
Edward M. Miller